IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

FILED
OCT 06 2016
Clerk, U.S District Court
District Of Montana
Missoula

| DOUGLAS JOSEPH CHYATTE, | CV 16–42–H–DLC–JTJ |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| MONTANA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

United States Magistrate Judge John T. Johnston entered his findings and recommendations in this case on August 5, 2016, recommending that Count III of Plaintiff Douglas Joseph Chyatte's ("Chyatte") Complaint be dismissed for failure to state a claim upon which relief may be granted, and that Defendants Montana Department of Corrections and Montana State Prison be dismissed due to immunity under the Eleventh Amendment. Chyatte timely objected to the findings and recommendations, and so is entitled to a de novo review of the record. 28 U.S.C. § 636(b)(1). On September 28, 2016, the parties submitted a joint stipulation to dismiss Count II of Chyatte's Complaint.

The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus.*

-1-

*Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Johnston's findings and recommendations in full.

## BACKGROUND

Chyatte is an inmate at the Montana State Prison. He filed a civil rights petition against the following Defendants: Montana Department of Corrections ("DOC"); Montana State Prison ("MSP"); Mike Batista, Director, Montana Department of Corrections; Leroy Kirkegard, Warden, Montana State Prison; Tom Wilson, Associate Warden; Tom Wood, Associate Warden; Terrie Stefalo, Religious Activities Coordinator; Candyce Neubauer, TCS Bureau Chief; Chris Conell, Unit Manager; Billie Reich, Grievance Coordinator; Christine Cobban, Grievance Coordinator; Gary Noll, Sergeant; and Wendi Larson, Sergeant; individually and in their official capacities. Chyatte alleged six claims: Count I: retaliation; Count II: retaliation, state law violations; Count III: the "grievance restriction" is a constitutional violation; Count IV: the compulsory concealment of yarmulke policy violates RLUIPA; Count V: the compulsory concealment of yarmulke policy is a constitutional violation; Count VI: Chyatte's book censorship

is a constitutional violation. (Doc. 2 at 18–21.) Under Count III, Chyatte alleges that MSP's current imposition and enforcement of its "grievance restrictions" on various prisoners violates the inmates' constitutional rights. The Defendants admit that MSP places grievance restrictions on inmates who abuse the grievance policy, but deny that MSP staff threaten, refuse, or intimidate prisoners from pursuing meritorious grievances.

## LEGAL STANDARDS

Under 28 U.S.C. § 1915, a Court should dismiss a complaint filed in forma pauperis by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if it is not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted). "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); Fed. R. Civ. P. 8(e) ("Pleadings must be construed as to do justice.").

State agencies are protected from suit in federal court by immunity under the Eleventh Amendment to the United States Constitution. Under the terms of the Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Federal courts have consistently construed this to mean that absent waiver, "neither a state nor a state agency acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (citations omitted); see also *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Holley v. California Dep't Of Corr.*, 599 F.3d 1108, 1114 (9th Cir. 2010). However, the Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997).

## ANALYSIS

Judge Johnston found, and this Court agrees, that a prisoner has no constitutional right to a specific grievance procedure. Judge Johnston cites to *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988), for this proposition. Chyatte objects, contending that *Ramirez* is not controlling on this issue and that the Court should look to *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir. 2005), a more recent Ninth Circuit case, for guidance.

Chyatte is correct that *Rhodes* acknowledges the fundamental importance of the prison grievance process. Grievance policies are set in place to afford prisoners a "viable mechanism to remedy prison injustice." *Id.* at 567. However, the facts in *Rhodes* are specific to retaliation against an inmate for filing grievances. Judge Johnston explained in his findings that Chyatte's allegations regarding retaliation would survive dismissal. The Court agrees that these claims survive. Yet, regarding Count III, the issue is simply whether the MSP policy that places restrictions on certain prisoners who abuse the grievance process is constitutional.

Under *Ramirez*, the Ninth Circuit explained that the Due Process clause provides prisoners with two sources of protection against unconstitutional state

disciplinary actions. 334 F.3d at 860. "First, a prisoner may challenge a disciplinary action which deprives or restrains a state-created liberty interest in some 'unexpected manner.'" *Id.* The Ninth Circuit then cited to *Mann*, affirming the determination that a claimed loss of a liberty interest in the processing of grievances does not satisfy this standard, because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Id.* (citing *Mann*, 855 F.2d at 640). "Second, a prisoner may challenge a state action which does not restrain a protected liberty interest, but which nonetheless imposes some atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (citations omitted).

Consequently, under the holding in *Ramirez*, Count III of Chyatte's Complaint does not constitute a constitutional deprivation. The MSP policy to place prisoners on "grievance restrictions" involves the procedure of filing grievances, and Chyatte has no constitutional claim of entitlement to the procedure itself. Further, the grievance restriction does not impose an atypical and significant hardship on Chyatte. Chyatte incurred this restriction himself, after filing numerous unsubstantiated grievances at MSP. Thus, Chyatte's claim regarding the grievance procedure at MSP does not survive.

Chyatte further contends that Count III revolves around whether "the

Defendants arbitrarily and capriciously deprive and/or interfere with Chyatte's clearly established First Amendment right to file prison grievances." (Doc. 24 at 7.) Again, the Court reiterates that Chyatte does have a First Amendment right to file grievances in prison. Chyatte has indeed filed many grievances while incarcerated at MSP. However, he does not have an individual right under his § 1983 claim to assert a constitutional violation of MSP's grievance procedure in regards to the "grievance restriction" policy.

The Court also agrees with Judge Johnston that under the Eleventh Amendment, the DOC and MSP have not waived their right to immunity from suit in this instance. Chyatte argues that the DOC and MSP consented to suits under RLUIPA when they accepted federal funding for the prison. (Doc. 24 at 9) (citing *Benning v. Georgia*, 391 F.3d 1299, 1306 (11th Cir. 2004)). Chyatte contends that his Complaint does not bring RLUIPA claims against the DOC and MSP for money damages. The Court agrees that Chyatte was careful in his requests for relief to only pray for declaratory and injunctive relief in regards to the DOC and MSP. However, to the extent that Chyatte's claims seek monetary damages from the DOC and MSP, they are dismissed under the Eleventh Amendment.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 9) are ADOPTED IN FULL. Count III of Chyatte's Complaint is

DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the claims against the Montana Department of Corrections and Montana State Prison and all official capacity claims for money damages are DISMISSED.

IT IS FURTHER ORDERED the parties' joint stipulation to dismiss Count II of Chyatte's Complaint (Doc. 28) is GRANTED. Count II is DISMISSED WITH PREJUDICE.

DATED this 6th day of October, 2016.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court